UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELTON JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2746** |
| **MARLIN GUSMAN** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.     Factual and Procedural Background

The plaintiff, Shelton Jackson ("Jackson"), was an inmate housed in the Orleans Parish Prison ("OPP") at the time of the filing of this *pro se* complaint under 42 U.S.C. § 1983. Jackson filed his complaint against the defendant, Orleans Parish Sheriff Marlin Gusman, complaining about certain unsanitary conditions within OPP and seeking no particular relief. Jackson did not submit a filing fee or an application to proceed *in forma pauperis* with his complaint.

### II.    Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay

or failure to comply with a rule or order.  *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiff is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 Fed. App'x 459, 462 (5th Cir. 2007).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance."  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III.   Analysis

As indicated above, Jackson's complaint was submitted without the filing fee or a request from him to proceed *in forma pauperis*.  By notice dated December 4, 2014, the Clerk of Court notified Jackson that he was required to either pay the filing fee or complete a certified pauper application.[1]  The Clerk of Court mailed this notice to the plaintiff at OPP, which is the address he provided on the complaint.  The envelope containing this notice has not been returned as undeliverable, and no response was received from Jackson.

On January 13, 2015, the undersigned issued an Order requiring Jackson to show cause on or before February 5, 2015, why his complaint should not be dismissed for his failure to comply with the Clerk's deficiency notice by paying the filing fee or submitting a pauper application.[2]  The Order was

---

[1] Rec. Doc. No. 6.

[2] Rec. Doc. No. 7.

sent to Jackson at the OPP address, and the envelope has not been returned as undeliverable. Jackson has not replied to the Court's Rule to Show Cause Order.

The notice of deficiency and the Court's Order were mailed to Jackson at the only address he has provided to the Court. All litigants are obligated to keep the Court advised of any address change. Local Rules 11.1 and 41.3.1. Jackson has not notified the Clerk's Office or the Court that he has been released from the facility or that his address has changed. In addition, Jackson still has not provided the filing fee or pauper application required to prosecute his case. Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV.  Recommendation

It is therefore **RECOMMENDED** that Jackson's § 1983 complaint against the defendant, Sheriff Gusman, be **DISMISSED WITH PREJUDICE** for failure prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 27th day of February, 2015.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.